Frech *v.* Seeno, Appellant.

Argued September 27, 1962.   Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Daniel J. Snyder,* with him *Avra N. Pershing, Jr.,* and *Pershing and Snyder,* for appellant.

*Myron W. Lamproplos,* with him *George W. Lamproplos,* and *Cassidy & Lamproplos,* for appellees.

OPINION PER CURIAM, November 13, 1962:

Sally Frech, 17 years of age, was driving a Dodge automobile, belonging to her mother, Mrs. Frances Frech, who was a passenger in the car with her, westwardly on Route No. 30 in Westmoreland County when a Dodge truck, being operated by Manton Hullander, coming from the opposite direction, crossed over in front of her for the purpose of entering into the Old Lincoln Highway which intersected at an acute angle Route No. 30. Sally was able to reduce speed and stop so that the front of her car came into contact with the Dodge truck with but little impact, no one being injured in the collision. In the following moment, however, a Ford sedan following her on Route 30 and being operated by Mrs. Margaret Seeno, struck the rear of her car and she was thrown forward, sustaining serious injuries.

Through her mother guardian, she brought an action of trespass against Mrs. Seeno. Mrs. Frech, in her own name, sued Seeno for the expenses she was subjected to on account of her daughter's injuries and for the loss of her services during her minority. Mrs.

Frech also sued Seeno for the damage done to her automobile and for her own personal injuries incurred in the collision. Mrs. Seeno brought in Manton Hullander and Sally Frech as additional defendants.

At the trial the jury returned monetary verdicts for both plaintiffs against Margaret Seeno and Manton Hullander.

Mrs. Seeno seeks a new trial urging that the verdicts were against the weight of the evidence and that the court erred in its charge. It is the contention of the defendant Seeno that the accident did not happen as described by Sally and Frances Frech. She claims that the Freches were injured when their car struck the Hullander truck, that Sally was guilty of contributory negligence, and that she (Mrs. Seeno) "had nothing to do with any injuries sustained by the plaintiffs."

Mrs. Seeno specifically argues that there were not two collisions but only one and that was when Sally Frech, due to her own negligence, drove into the Hullander truck. However, the question as to negligence on the part of the respective drivers of the three vehicles, was strictly one of fact for the jury to decide. A reading of the record does not disclose that the evidence was so weighted on the side of Seeno that this Court could state that it would be unjust to allow the verdicts to stand.

The appellant in her brief takes up several of the plaintiffs' points for charge which were affirmed by the trial court and argue that the affirmances were in error. We have examined the points in controversy and find that they were in order; nor was there any error in the court's comment on the points after being affirmed.

The appellant complains because the court did not affirm her 14th point for charge. We see no error in this denial since the court had covered the situation involved in the general charge.

4

No purpose would be served in analyzing in detail the evidence in this case. The lower court's opinion adequately considers the objections raised by the appellant and we are satisfied from the entire record that the verdicts were justified in fact and in law.

Judgments affirmed.

Mr. Justice KEIM took no part in the consideration or decision of this case.